UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Mary K. Dimke

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Bradley Paul Santoyo,<br><br>    Defendant. | No. 1:22-CR-2025-MKD<br><br>**Sentencing Memorandum**<br><br>**Sentencing**<br>**December 21, 2023, 1:30 p.m.**<br>**Richland, Washington** |

Mr. Santoyo files the instant sentencing memorandum for the Court's consideration in advance of his sentencing. For the reasons set forth herein, this Court should sentence him to 12 months and 1 day of imprisonment and 3 years of supervised release, subject to the conditions set forth in the draft presentence investigation report. The Court should impose the mandatory $100 special penalty assessment and no further financial penalties.

## Factual and Procedural Background

In May 2021, Mr. Santoyo was pulled over in a traffic stop. Law enforcement obtained a search warrant for his vehicle, searched it, and found a .22 caliber handgun. That is the handgun that Mr. Santoyo has pled guilty to possessing.[1] It is not clear how long Mr. Santoyo was in custody following this arrest.

---

[1] *See* ECF 23.

Sentencing Memorandum: 1

On January 30, 2022, Mr. Santoyo was arrested in a separate incident. He has been in continuous custody since that date, largely in the state. In August 2023, he resolved unrelated charges in Yakima County to a 13-month sentence.[2] A week later, he transferred into federal custody.[3] He appeared in this Court for arraignment. The U.S. Marshals transferred him from Yakima County Jail to Benton County Jail. Despite being in federal custody there, he has appeared in state court to resolve two misdemeanor charges.[4] Mr. Santoyo has been held in continuous federal custody since August 9, 2023, despite this appearance in state court.

Mr. Santoyo pled guilty pursuant to a written plea agreement in this Court on October 5, 2023.[5] Sentencing is set for December 21, 2023.

### U.S.S.G. Calculations, Impact of Plea Agreement

The draft presentence investigation report calculates an advisory guideline range of 21-27 months.[6] Mr. Santoyo has no objections to the calculated advisory guideline range. The United States has not filed or otherwise noted any objections to the range. Mr. Santoyo's plea agreement commits the United States to recommend 21 months,[7]

---

[2] *See* ECF 27 at p. 13 ¶ 91. Notably, Mr. Santoyo was in custody (approximately 18 months in real time) far longer than this state sentence and so he appears to have some banked credit that should apply to his federal sentence.
[3] *See* ECF 19.
[4] *See* ECF 27 at p. 14 ¶¶ 95, 100.
[5] *See* ECF 23 and 24.
[6] *See* ECF 27 at p. 26.
[7] The United States has filed a sentencing memorandum simply stating it "believes that guideline range detailed in the PSR is a sufficient sentence, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553." ECF 28 at p. 2. Mr.

Sentencing Memorandum:  2

unless the Court calculates a different range at sentencing.[8] Mr. Santoyo is free to ask for any legal sentence, including a downward departure under U.S.S.G. § 5K2.23 to reflect the significant time he has served on unrelated state cases. The Court retains full discretion to impose any legal sentence. Mr. Santoyo may appeal any sentence above the high-end of the calculated guideline range.[9]

## Position on Sentencing

Mr. Santoyo had a difficult childhood, apparently being rejected and sent away by his mother twice (immediately after his birth and again around age 8) to live with his grandmother. He later describes living on the streets when he was unable to stay either with his grandmother or friends.[10] Unsurprisingly, without a stable and supportive family, he turned where many young men turn—he joined a gang when he was approximately 10 years old.[11] Around the same time, Mr. Santoyo began drinking alcohol and smoking marijuana, and soon thereafter started using cocaine and meth. Mr. Santoyo continued to be a daily user of marijuana and meth, and a regular user of alcohol prior to his arrest.[12] Mr. Santoyo appears to have begun living on his own, to at

---

Santoyo trusts that the United States will follow through on its contractual agreement and actually recommend a sentence of 21 months, rather than some other sentence within the guideline range. If it does not, the United States will be in breach of the plea agreement. Of course, the United States' recommendation does not bind this Court's discretion with regard to sentencing.

[8] *See* ECF 23 at p. 8.
[9] *See* ECF 23 at p. 11.
[10] *See* ECF 27 at p. 20 ¶¶ 152-153.
[11] *See* ECF 27 at p. 21 ¶ 159.
[12] *See* ECF 27 at p. 22 ¶¶ 164-167.

Sentencing Memorandum:  3

least some degree, when he was only 14 or 15 years old and later becoming a father at approximately age 18.[13] He did not graduate high school and has not obtained his GED.[14] In sum, forces outside his control set him on a difficult path from birth and he has seemingly continued down that path throughout most of his life.

Mr. Santoyo has some understandably troubling criminal history, both seriousness and volume, given his age. His repeated possession of firearms and use of them in connect with other offenses is particularly worrisome given the nature of this case. That said, the instant offense was nonviolent. Mr. Santoyo has previously successfully completed a 12-month state drug offender sentencing alternative (DOSA) program and additional community custody thereafter, showing he can comply with court supervision and remain sober.[15]

Mr. Santoyo has expressed a desire to take advantage of access to substance abuse treatment, mental health treatment, and other resources he will have while on federal supervised release. It appears Mr. Santoyo needs to make some significant changes in his life in terms of who he associates with, including potentially relocating to another city. Hopefully if he takes advantage of federal supervision resources, though, he can begin to turn his life around.

---

[13] *See* ECF 27 at p. 20 ¶¶ 153, 155.
[14] *See* ECF 27 at p. 20 ¶ 170.
[15] *See* ECF 27 at p. 12 ¶ 78.

Sentencing Memorandum: 4

As noted, Mr. Santoyo has been in continuous custody since January 30, 2022. He was recently sentenced to 13 months for an unrelated state offense and 15 days for two unrelated misdemeanor offenses.[16] Having been in custody for more than 22 consecutive months, it is clear that he significantly overserved those sentences. Consequently, he should be entitled to credit for some of the time he has been in custody toward his federal sentence. To avoid having to make unnecessary and complicated calculations about that credit due, Mr. Santoyo asks the Court to impose a sentence of 12 months and 1 day in part as a departure under U.S.S.G. § 5K2.23 for his discharged terms of imprisonment. As a practical matter, assuming the statutory one-third off time credit normally applicable to state prison sentences, Mr. Santoyo would have been required to serve approximately 9 months on his state cases combined. He has been in actual continuous custody for more than 22 months.[17] A sentence of 12 months and 1 day imprisonment is approximately 9 months below the low-end of the applicable federal guidelines. That will result in a sentence that is sufficient but not greater than necessary to account for all relevant sentencing factors.

---

[16] *See* ECF 27 at pp. 13-14, ¶¶ 91, 95, and 100.

[17] Counsel would also note that Mr. Santoyo's 22 months in local custody have been particularly difficult due to the COVID pandemic, restrictions resulting therefrom, and COVID outbreaks in the local jail.

Sentencing Memorandum:  5

# CONCLUSION

For the reasons set forth herein, this Court should sentence Mr. Santoyo to 12 months and 1 day of imprisonment, with all credit for time in custody available back to January 30, 2022. The Court should further impose 3 years of supervised release subject to the conditions set forth in the draft PSR, the mandatory $100 special penalty assessment, and no further financial penalties.

Dated: December 6, 2023.

>By s/ Paul E. Shelton
>Paul E. Shelton, 52337
>Federal Defenders of Eastern
>Washington and Idaho
>306 East Chestnut Avenue
>Yakima, Washington 98901
>(509) 248-8920
>(509) 248-9118 fax
>Paul_Shelton@fd.org

### Certificate of Service

I hereby certify that on December 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Todd Swensen, Assistant United States Attorney.

>s/ Paul E. Shelton
>Paul E. Shelton

Sentencing Memorandum: 6